IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL PARIS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | No. 01 C 4895 |
| v. | ) | |
| | ) | The Honorable William J. Hibbler |
| JESSE MONTGOMERY, Deputy Director | ) | |
| Parole Division.[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

A jury convicted Daniel Paris of armed robbery in 1999 and he was sentenced to serve a term of imprisonment of nine years by a DuPage County, Illinois, court. Paris has since been released on parole, but his sentence has not yet been discharged and he remains subject to restrictions imposed by the terms of his parole.[2] Paris appealed his conviction, arguing that his guilt was not proven beyond a reasonable doubt. An Illinois Appellate Court denied his appeal and the Illinois Supreme Court denied Paris leave to appeal. Paris then filed this *habeas corpus* petition, arguing that the state failed to prove him guilty of armed robbery beyond a reasonable doubt.

---

[1] Jesse Montgomery is currently the Deputy Director of the Parole Division for the Illinois Department of Corrections and thus the proper respondent in this *habeas* action. This court hereby substitutes Montgomery as the respondent. Fed. R. Civ. P. 25(d)(1).

[2] The Supreme Court has made clear that a petitioner's probation status fulfills the jurisdictional requirement of 28 U.S.C. § 2254(a), and he has an injury that is redressable by the invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 9, 118 S. Ct. 978 (1998). Thus, his petition is not moot.

1

Paris does not challenge the statement of facts set forth in the Illinois Appellate Court opinion affirming his conviction, and therefore those facts are presumed correct for the purpose of this Court's review. 28 U.S.C. § 2254(e)(1); *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002).

At trial, Michelle Davies testified that she was watching television in her home when Paris approached her front door and told her, after introductions, that a woman named "Patty" had sent him to collect $300. Davies further testified that Patty Mills had given her $100 worth of cocaine a week before the incident and that she had given Mills a check for $250 for security until she could pay in cash. According to Davies, Paris told her that she owed him $250 for the drugs and $50 for his collection services. Davies further testified that when she responded in the negative to Paris's inquiry regarding any jewelry, Paris pulled a gun from a holster, pointed it at her, took her television, and threatened to "get" her if she called the police. Davies, however, did call the police, and although she initially informed them that an unknown intruder had stolen her television, she later informed them about the "cocaine debt." At trial, Lombard Police Detective Ray Vasil testified that following Davies' report, he went to Mills' residence, saw Paris drive from a nearby driveway, arrested him, and discovered Davies' television, a loaded gun, and a holster in Paris's garage. Paris also testified at trial and admitted that he went to Davies' home to settle a drug debt, but denied that he threatened her and also testified that Davies told him to take the television because she had no jewelry.

The Illinois Appellate Court asked whether any reasonable trier of fact viewing the facts in the light most favorable to the prosecution could have found the elements of armed robbery beyond a reasonable doubt. The state court then noted that under Illinois law a person commits armed robbery when he carries a firearm while taking property from another person by the use of force or by threatening the imminent use of force. 720 ILCS 5/18-2(a). After reviewing the facts, the state court

2

ruled that: 1) Paris admitted to carrying a firearm; 2) a jury discredited Paris's denials that he threatened Davies and accepted the testimony of Davies and the police, and that the testimony of Davies and the police was sufficient to prove the other elements of armed robbery beyond a reasonable doubt.

Paris filed this petition in 2001, therefore it is governed by the standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Under AEDPA, a petitioner is not entitled to a writ of *habeas corpus* unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). A state court's decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" by the Supreme Court. *Id.* at 405-06. A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal rule form the [Supreme] Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. In order for a state court decision to be considered unreasonable under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

The Supreme Court has stated that when reviewing the sufficiency of the evidence, the relevant question is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2781 (1979) (emphasis in original). Although

3

the Illinois Appellate Court did not cite *Jackson*, it identified and applied the rule set forth in *Jackson*. And the Illinois Appellate Court's application of the facts cannot be described as unreasonable. At trial, Davies and Paris testified to different versions of events. It was within the province of the jury to assess the credibility of the witnesses and accept Davies' testimony and reject Paris's. *See United States v. Henningsen*, 387 F.3d 585, 590 (7th Cir, 2004). The Illinois Appellate Court noted that the jury "reviewed the evidence and reasonably credited Davies' account of events."

Paris argues that the facts that he was charged with other crimes, such as residential burglary, and that he was found not guilty of those crimes proves that the evidence was insufficient to convict him of armed robbery. But the crimes of residential burglary and armed robbery have different elements, and a not guilty verdict on the former does not require a similar verdict on the latter. As the Illinois Appellate Court noted, residential burglary requires forced entry into a home, and armed robbery does not. Paris also attacks Davies' credibility, suggesting that because the jury discredited some parts of her testimony it should have discredited her testimony in its entirety. It is not, however, the job of this Court when reviewing a *habeas corpus* petition to second-guess the jury's assessment of credibility. *Anderson v. Sternes*, 243 F.3d 1049, 1058 (7th Cir. 2001).

After reviewing the record and the submissions from the parties, this Court finds that Paris's claim does not warrant *habeas corpus* relief and his petition is DENIED.

IT IS SO ORDERED.

4/15/05
Dated

The Honorable William J. Hibbler
United States District Court